```
UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF NORTH CAROLINA
           CHARLOTTE DIVISION
              3:07CV449-V-1
              (3:02CR260-V)
```

|                              |   |           |
|------------------------------|---|-----------|
| **EDWARD J. BEACH,**         | ) |           |
|                              | ) |           |
|    Petitioner,| ) |           |
|                              | ) |           |
|       v. | ) | **O R D E R** |
|                              | ) |           |
| **UNITED STATES OF AMERICA,**| ) |           |
|    Respondent.| ) |           |
| _____ | ) |           |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence (Doc. No. 1), filed October 18, 2007.[1]

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on April 18, 2005, after trial by jury, Petitioner was convicted of conspiracy to manufacture 500 or more grams of methamphetamine and of knowingly manufacturing and attempting to manufacture 50 or more grams of

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that Petitioner's § 2255 motion should be deemed filed on October 18, 2007, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

methamphetamine.  On November 21, 2005, the Court sentenced Petitioner to 188 months imprisonment on each count to run concurrently.  Judgment was filed on December 9, 2005.  That same day, Petitioner filed a Notice of Appeal.  On August 30, 2006, the United States Court of Appeals fo the Fourth Circuit affirmed Petitioner's sentence and conviction.  <u>Beach v. United States</u>, No. 05-5234 (Aug. 30, 2006, 4th Cir.)  Petitioner then filed a petition for writ of certiorari with the United States Supreme Court.  Petitioner's petition was denied on October 16, 2006.  <u>Beach v. United States</u>, 127 S. Ct. 452 (2006).  On October 18, 2007, Petitioner filed the instant Motion to Vacate, challenging several matters pertaining to his conviction and sentence.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on October 16, 2006 – the date on which the United States Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner filed the instant Motion to Vacate over one year later on October 18, 2007. It thus appears to the Court that Petitioner's Motion to Vacate is untimely.

In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Hill's notice requirement extends to 2255 motions. Although there yet is no published Fourth Circuit case which specifically extends Hill to cases brought under §2255, the undersigned is aware of several unpublished cases from within this Circuit which tend to suggest that such an extension would be adopted by the Fourth Circuit. See also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (acknowledging Hill notice requirement in § 2255 case where neither party contested its application).

Accordingly, this Court now shall give Petitioner 15 days in

which to file a document, explaining why his Motion to Vacate should be deemed timely filed.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Within <u>fifteen (15) days of the filing of this Order</u>, Petitioner shall file a document, explaining why he believes his Motion to Vacate should be deemed timely filed; and

2. The Clerk shall send copies of this Order to Petitioner, and to counsel for the United States.

Signed: November 9, 2007

Richard L. Voorhees
United States District Judge